UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DARCY S. STEELE, )
)
    *Plaintiff* )
)
v. ) No. 2:09-cv-548-DBH
)
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
    *Defendant* )

### *RECOMMENDED DECISION ON MOTION*
### *FOR CLARIFICATION OF COURT'S ORDER*

The plaintiff has filed an unopposed motion to clarify my report and recommended decision of October 31, 2010, and Judge Hornby's order of November 22, 2010, affirming it. *See* Unopposed Motion To Clarify Report and Recommended Decision of 10/31/10, and Order Affirming Recommended Decision of 11/22/10 ("Motion") (Docket No. 24). For the reasons that follow, I recommend that the court grant the Motion and order the commissioner to comply with the mandate of this court as clarified below.

### I. Discussion

The plaintiff takes the position that, in vacating the commissioner's final decision and remanding her case "for further proceedings consistent with the findings of the Recommended Decision[,]" Order Affirming the Recommended Decision of the Magistrate Judge ("Order") (Docket No. 19), this court intended that those further proceedings be limited to the narrow issue raised on appeal: whether she was entitled to a belated extension of her deadline for seeking reconsideration of the denial of prior benefits applications, *see* Motion at 3. The commissioner takes the position that because his final decision was vacated, the administrative law judge is not

1

limited to considering only that narrow issue. *See id*. The administrative law judge to whom the case was remanded has expressed his intent to conduct a *de novo* hearing, which would place into contention that portion of the now-vacated decision that found the plaintiff disabled as of October 2, 2002. *See id*. The plaintiff suggests that interpreting the court's order in that fashion raises due process concerns, burdening a claimant from seeking federal court review. *See id*.

The commissioner's regulations provide, in relevant part, that when a federal court remands a case to the commissioner for further consideration, "[a]ny issues relating to [the] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. §§ 404.983, 416.1483. Nonetheless, "it is well established that district courts have the power to limit the scope of remand in this kind of case and that the [Social Security Administration] – notwithstanding its regulations – must abide by the court's limiting instructions." *Warner v. Astrue*, Civil No. 09-cv-324-JL, 2010 WL 2266874, at *1 (D.N.H. June 3, 2010) (citation and internal quotation marks omitted). *See also, e.g., Hollins v. Massanari*, 49 Fed. Appx. 533, 535-36 (6th Cir. 2002) ("Under the 'mandate rule,' administrative agencies generally are obligated to follow the mandates set forth in a federal court decision. . . . [T]he administrative law judge may not do anything expressly or impliedly in contradiction to the district court's remand order[,]" although he or she may "act[] in ways that go beyond, but are not inconsistent with, the district court's opinion."); *Calderon v. Astrue*, 683 F. Supp.2d 273, 277 (E.D.N.Y. 2010) (administrative law judge erred in revisiting, on remand, a Step 4 finding favorable to claimant in circumstances in which "the Court's mandate was merely to correct a procedural error in [the administrative law judge's] step-five determination; it was not an invitation to revisit the [decision that was remanded] in its entirety").

2

In this case, the issue presented on appeal was narrow. *See* Report and Recommended Decision (Docket No. 18) at 7. The plaintiff raised the "question of whether the commissioner supportably found that, although [she] proved, for purposes of SSD [Social Security Disability] and SSI [Supplemental Security Income] applications filed in 2008, that she had been disabled since April 2, 2002, she failed to demonstrate good cause to extend her deadline for appealing SSD and SSI applications filed in 2002." *Id*. at 1. I stated that it was "impossible to tell whether the administrative law judge applied what both sides now agree is the correct standard: one incorporating the question of the capacity to pursue appeal rights[,]" *id*. at 9, and that it was "plausible that a decision-maker heeding the dictate of SSR [Social Security Ruling] 91-5p to resolve any reasonable doubts in favor of the claimant . . . could have found in [the plaintiff's] favor[,]" *id*. at 10. I concluded: "She is entitled to have *this point* adjudicated, with the basis for the decision articulated sufficiently well to enable a subsequent reviewing court to discern it." *Id*. (emphasis added). I recommended that the decision of the commissioner be vacated and the case remanded "for further proceedings *consistent herewith*." *Id*. (emphasis added). Judge Hornby adopted my recommended decision, ordering the decision of the commissioner vacated and the case remanded "for further proceedings consistent with the findings of the Recommended Decision." Order.

I intended that, should the court adopt my recommended decision, proceedings on remand be limited to the narrow issue presented on appeal. This was not a garden-variety Social Security appeal in which the plaintiff appealed a decision of the commissioner finding her not disabled. With respect to her 2008 applications, she had won her disability case. She appealed only the independent, collateral finding that she did not demonstrate good cause for extending her deadline to request reconsideration of her 2002 applications. To interpret the court's order as

the commissioner has done not only would have a chilling effect on the exercise of claimants' appeal rights but also is fundamentally inconsistent with my recommended decision, as adopted by Judge Hornby.[1]

## II. Conclusion

For the foregoing reasons, I recommend that the court **_GRANT_** the Motion and **_ORDER_** the commissioner to comply with the mandate of the court as clarified above.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of October, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] I intimate no view as to the temporal scope of any reconsideration of the plaintiff's 2002 applications, should she prevail on remand. That issue is not before this court.